# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **CORY YOUNG,** | **CASE NO. 2:08-cv-558** |
| | **JUDGE HOLSCHUH** |
| Petitioner, | **MAGISTRATE JUDGE ABEL** |
| v. | |
| **WARDEN, NOBLE CORRECTIONAL INSTITUTION,** | |
| Respondent. | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on the instant petition, respondent's return of writ, petitioner's traverse, and the exhibits of the parties. This case involves petitioner's conviction pursuant to his negotiated guilty plea in the Gallia County Court of Common Pleas on one count of burglary. The trial court sentenced petitioner pursuant to the joint recommendation of the parties to six years incarceration.

Petitioner did not timely appeal; however, the appellate court granted his motion for delayed appeal, and subsequently affirmed the judgment of the trial court. Petitioner pursued an application to reopen the appeal pursuant to Ohio Appellate Rule 26(B), alleging that he had been denied the effective assistance of appellate counsel; however, the appellate court denied his Rule 26(B) application, and the Ohio Supreme Court dismissed his subsequent appeal.

In these habeas corpus proceedings, petitioner now asserts that he was sentenced in violation of *Blakely v. Washington*, 542 U.S. 296 (2004), and that he was denied the

effective assistance of trial and appellate counsel. For the reasons that follow, the Magistrate Judge concludes that these claims are procedurally defaulted or without merit and therefore **RECOMMENDS** that this action be **DISMISSED.**

## FACTS and PROCEDURAL HISTORY

Petitioner was indicted by the January 2006 term of the Gallia County grand jury on aggravated burglary, in violation of O.R.C. §2911.11(A)(2), and aggravated robbery, in violation of O.R.C. §2911.01(A)(1). *Exhibit 1 to Return of Writ*. On August 3, 2006, while represented by counsel and pursuant to the terms of his plea agreement, petitioner pleaded guilty to burglary. *Exhibit 2 to Return of Writ*. On August 14, 2006, the trial court sentenced petitioner to six years incarceration pursuant to the recommendation of the parties. Petitioner waived his right to appeal pursuant to the terms of his guilty plea. *Exhibits 2 and 3 to Return of Writ*. On October 12, 2006, petitioner filed a motion for delayed appeal with the state appellate court. *Exhibit 5 to Return of Writ*. The state appellate court granted petitioner's motion for delayed appeal. *Exhibit 6 to Return of Writ*. Represented by new counsel, petitioner asserted the following assignment of error on appeal:

> The trial court erred in failing to fully inform the appellant of the effect of his guilty plea.

*Exhibit 9 to Return of Writ*. On September 28, 2007, the appellate court affirmed the trial court's judgment. *Exhibit 11 to Return of Writ*. Petitioner apparently did not file an appeal to the Ohio Supreme Court.

On December 26, 2007, he filed a *pro se* application to reopen the appeal pursuant

2

to Ohio Appellate Rule 26(B). He asserted that he had been denied the effective assistance of appellate counsel because his attorney failed to raise on appeal an issue of ineffective assistance of trial counsel due to his attorney's failure to object at sentencing to a breach of the plea agreement which called for a lesser sentence and failure to explain to petitioner the terms of his guilty plea, and that his sentence violated *Blakely v. Washington*, *supra,* and. was contrary to law. *Exhibit 12 to Return of Writ.* On January 22, 2008, the appellate court denied petitioner's Rule 26(B) application. *Exhibit 13 to Return of Writ*. Petitioner filed a timely appeal to the Ohio Supreme Court. *Exhibit 14 to Return of Writ.* On May 21, 2008, the Ohio Supreme Court dismissed the appeal as not involving any substantial constitutional question. *Exhibit 15 to Return of Writ*.

On June 9, 2008, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. Sentence is contrary to law & the plea.
>
> The holdings in *Blakely* gives one the right to be sentenced to an authorized and minimum term of imprisonment. And the plea was unknowingly induced.
>
> 2. Counsel was ineffective at both trial & appeal.
>
> My trial counsel failed to object to the sentence, nor submit testimony, nor statute to support the downward sentencing clause and my appeal counsel failed and refused to submit the original and requested grounds.

It is the position of the respondent that petitioner's claims are procedurally defaulted.

## PROCEDURAL DEFAULT

Respondent argues that both grounds for relieve have been procedurally defaulted because they should have been raised on direct appeal but were not. In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required fairly to present those claims to the highest court of the state for consideration. 28 U.S.C. §2254(b), (c). If he fails to do so, but still has an avenue open to him by which he may present the claims, his petition is subject to dismissal for failure to exhaust state remedies. *Id.;Anderson v. Harless*, 459 U.S. 4, 6 (1982) (*per curiam; Picard v. Connor*, 404 U.S. 270, 275-76 (1971). If, because of a procedural default, the petitioner can no longer present his claims to a state court, he has also waived them for purposes of federal habeas review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error. *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle v. Isaac*, 456 U.S. 107, 129 (1982);*Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

In the Sixth Circuit, a four-part analysis must be undertaken when the state argues that a federal habeas claim is precluded by the petitioner's failure to observe a state procedural rule. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir.1986). "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id*. Second, the Court must determine whether the state courts actually enforced the state procedural sanction. *Id*. Third, it must

be decided whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim. *Id.* Finally, if the Court has determined that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner is required to demonstrate that there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error. *Id.* This "cause and prejudice" analysis also applies to failure to raise or preserve issues for review at the appellate level. *Leroy v. Marshall*, 757 F.2d 94 (6th Cir.1985).

In claim one, petitioner asserts that his sentence violates *Blakely* and that his guilty plea was "unlawfully induced" because he agreed to a term of four years incarceration, not six years. *See Traverse.* In claim two, petitioner asserts, *inter alia*, that he was denied the effective assistance of trial counsel because his attorney failed to object to his sentence as unlawful on these grounds. These claims are readily apparent from the face of the record and should have been raised on direct appeal, but were not. Further, petitioner may now no longer present these claims to the state courts under Ohio's doctrine of *res judicata*. *State v. Cole*, 2 Ohio St.3d 112 (1982); *State v. Ishmail*, 67 Ohio St.2d 16 (1981); *State v. Perry*, 10 Ohio St.2d 175 (1967). The state courts were never given the opportunity to enforce the procedural rule at issue due to the nature of petitioner's procedural default. This Court deems the first and second parts of the *Maupin* test to have been met.

The Court must next decide whether the procedural rules at issue constitute adequate and independent bases upon which to foreclose review of the petitioner's federal

constitutional claims. This task requires the Court to balance the state's interests behind each procedural rule against the federal interest in reviewing federal claims. *See Maupin v. Smith*, 785 F.2d at 138. The Court of Appeals for the Sixth Circuit has consistently held that Ohio's doctrine of *res judicata, i.e.,* the *Perry* rule, is an adequate ground for denying federal habeas relief. *Lundgren v. Mitchell*, 440 F.3d 754, 765 (6th Cir.2006); *Coleman v. Mitchell*, 268 F.3d 417, 427-29 (6th Cir.2001); *Seymour v. Walker,* 224 F.3d 542, 555 (6th Cir.2000); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir.2000); *Norris v. Schotten,* 146 F.3d 314, 332 (6th Cir.1998). The doctrine of *res judicata* is stated in unmistakable terms in countless Ohio decisions, and Ohio courts have consistently refused, in reliance on that doctrine, to review the merits of claims. *See State v. Cole, supra; State v. Ishmail, supra*. Further, the doctrine of *res judicata* serves the state's interest in finality and in ensuring that claims are adjudicated at the earliest possible opportunity. With respect to the independence prong, the Court concludes that *res judicata* does not rely on or otherwise implicate federal law. The third part of the *Maupin* test has been met.

Thus, petitioner has waived his right to present claims one and his claim of ineffective assistance of trial counsel for federal habeas corpus review. He may still obtain review of these claims on the merits if he establishes cause for his procedural default, as well as actual prejudice from the alleged constitutional violations.

As cause for his procedural default, and in claim two of this habeas corpus petition, petitioner asserts the ineffective assistance of appellate counsel. *See Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000)(the ineffective assistance of counsel may constitute cause for a

procedural default, so long as such claim has been presented to the state courts and is not, itself, procedurally defaulted).

The state appellate court rejected this claim in relevant part as follows:

> Young argues that appellate counsel was ineffective in not assigning as error on appeal trial counsel's failure to object to the sentence the trial court imposed because, according to Young, it exceeded the recommended sentence of four years. Young also contends that appellate counsel was ineffective in not arguing that he should have received the minimum sentence.
>
> We conclude that appellate counsel's failure to challenge the validity of Young's sentence did not fall below an objective standard of reasonableness. The record clearly shows that not only was Young aware of the maximum sentence the trial court could impose, but that he in fact agreed to a six-year sentence, not a four-year sentence. During the plea/sentencing hearing, the assistant prosecutor put the terms of the plea agreement on the record, including the recommended sentence. Young and his trial counsel both acknowledged that what the assistant prosecutor had said was accurate and that Young had no questions. The trial court then informed Young that even if he accepted his guilty plea, the court was not obligated to accept the recommended sentence. As a result, Young knew what the plea agreement was and that the trial court did not have to abide by it.
>
> Furthermore, R.C. 2953.08(D) forecloses the possibility of appealing an agreed sentence in most cases. However, a defendant can appeal the sentence if it is unauthorized by law. Here, the trial court's sentence was within the maximum allowed for a second degree felony and there is nothing in the record that leads us to conclude Young's sentence was outside the scope of the trial court's sentencing authority. *See State v. Foster,* 100 Ohio St.3d 1 . . . .
>
> Because there is nothing in the record to support a claim that Young's agreed sentence was invalid, counsel's failure to raise

7

> these issues did not deprive Young of effective assistance on appeal. Young therefore has failed to establish a colorable claim of ineffective assistance of appellate counsel.

*Exhibit 13 to Return of Writ*. The factual findings of the state appellate court are presumed to be correct. 28 U.S.C. §2254(e)(1) provides:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Further, a federal habeas court may not grant relief unless the state court's decision was contrary to or an unreasonable application of clearly established federal law, or based on an unreasonable determination of the facts in light of the evidence that was presented. 28 U.S.C. §2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States District Court for the Western District of Michigan has summarized this standard as follows:

> [A] decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* at 413. A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state court's adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* Further, the federal habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id*

*Williams v. Lavigne*, 2006 WL 2524220 (W.D. Michigan August 30, 2006), citing *Williams v. Taylor*, 529 U.S. 362 (2000). Petitioner has failed to meet this standard here.

The right to counsel guaranteed by the Sixth Amendment is the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n. 14 (1970). The standard for reviewing a claim of ineffective assistance of counsel is twofold:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington,* 466 U.S. 668, 687 (1984); *see also Blackburn v. Foltz*, 828 F.2d 1177 (6th Cir.1987). "Because of the difficulties inherent in making the evaluation, a court must

indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689.

To establish prejudice, it must be shown that there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different. *Id.*, at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*, at 697. Because petitioner must satisfy both prongs of the *Strickland* test to demonstrate ineffective assistance of counsel, if the Court determines that petitioner has failed to satisfy one prong, it need not consider the other. *Strickland*, 466 U.S. at 697.

The *Strickland* test applies to appellate counsel. *Burger v. Kemp*, 483 U.S. 776 (1987). Counsel must provide reasonable professional judgment in presenting the appeal. *Evitts v. Lucey*, 469 U.S. 387, 396-97 (1985). " '[W]innowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983)). Of course, not every decision made by appellate counsel can be insulated from review merely by categorizing it as strategic. The Court of Appeals for the Sixth Circuit has identified the following considerations that ought to be taken into account in determining whether counsel on direct appeal performed reasonably competently:

    A. Were the omitted issues "significant and obvious?"

B. Was there arguably contrary authority on the omitted issues?

C. Were the omitted issues clearly stronger than those presented?

D. Were the omitted issues objected to at trial?

E. Were the trial court's rulings subject to deference on appeal?

F. Did appellate counsel testify in a collateral proceeding as to his appeal strategy and, if so, were the justifications reasonable?

G. What was appellate counsel's level of experience and expertise?

H. Did the petitioner and appellate counsel meet and go over possible issues?

I. Is there evidence that counsel reviewed all the facts?

J. Were the omitted issues dealt with in other assignments of error?

K. Was the decision to omit an issue an unreasonable one which only an incompetent attorney would adopt?

*Mapes v. Coyle*, 171 F.3d 408, 427-28 (6th Cir.1999). The Sixth Circuit cautioned, however, that this list is not exhaustive and need not produce a certain "score." *Id*. at 428.

On August 3, 2006, petitioner signed a guilty plea form indicating, *inter alia*, that he was pleading guilty to burglary, a second degree felony, and that he understood the maximum sentence was eight years incarceration. *Exhibit 2 to Return of Writ*. Petitioner also indicated therein that

> No promises have been made except as part of this plea agreement stated entirely as follows:
>
> In consideration of the Defendant's plea of guilty, the

> Defendant shall be sentenced to six (6) years of incarceration. Further, the State of Ohio hereby dismisses Count II of the indictment.
>
> ***
>
> It is my decision to plead guilty thereby placing myself completely and without reservation of any kind upon the mercy of the Court with respect to punishment. This represents my own will and best judgment.... I enter this plea voluntarily.

*Id.* At petitioner's guilty plea hearing, the prosecutor recited the terms of the plea agreement:

> Mr. Young is going to plead guilty on count 1 to a reduced charge of burglary, a violation of Section 2911.12(A)(2) of the Revised Code, being a second degree felony. In consideration of his plea the State would recommend that he be sentenced to six years of incarceration and would move the Court to dismiss count 2 of the indictment.
>
> ***
>
> COURT: Okay. Mr. Sabo, is that your understanding of the underlying plea agreement?
>
> MR. SABO: Yes, it is Your Honor, that's what we discussed and that's what we agreed to.
>
> COURT: Okay. Mr. Young were you able to hear and understand what Mr. Mulford indicated the underlying plea agreement is in this case and Mr. Sabo confirmed?
>
> MR. YOUNG: Yes, I was.
>
> COURT: And is that your agreement?
>
> MR. YOUNG: Yes, it is.

>COURT: Do you have any questions about it?
>
>MR. YOUNG: No Sir.

*Transcript, August 3, 2006, at 2-4, Exhibit 4 to Return of Writ*. The trial court then advised petitioner of all of the rights he was waiving by entry of his guilty plea, as well as the maxim penalty he faced. Petitioner at all times indicated that he understood. He stated that he was satisfied with his attorney. *Id.*, at 4-16.

>COURT: Do you also understand that the Court is not required to accept a guilty plea in this case?
>
>MR. YOUNG: Yes sir.
>
>COURT: And even if the Court does accept a guilty plea do you understand the Court is not required to go along with the underlying plea agreement as it relates to penalty and punishment and that any penalty or punishment you receive will be left strictly up to the discretion of the Court?
>
>MR. YOUNG: Yes sir.

*Id.*, at 15-16. "Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). In view of the record, petitioner cannot establish that his appellate attorney performed in a constitutionally unreasonable manner, or that he was prejudiced thereby, in failing to raise a claim that petitioner had agreed to a sentence of four, and not six years.

In his Rule 26(B) application, petitioner appears to have also raised a claim of ineffective assistance of appellate counsel based on his attorney's failure to raise a claim that his sentence violated *Blakely v. Washington*, 542 U.S. 296 (2004). *See Exhibit 12 to Return*

13

*of Writ*. The appellate court did not address this issue.¹ *See Exhibit 13 to Return of Writ*. Nonetheless, this claim is plainly without merit. The trial court sentenced petitioner pursuant to the joint agreement of the parties on August 14, 2006, and after the Ohio Supreme Court's decision in *State v. Foster*, 109 Ohio St.3d 1 (2006), excising fact-finding provisions of Ohio's sentencing statutes as unconstitutional under *Blakely*. Therefore, the trial court was free to impose the more than minimum term of six years incarceration without making any factual findings or violating the Sixth Amendment.

Petitioner's claim of ineffective assistance of appellate counsel lacks merit. He has failed to establish cause and prejudice for his procedural default of claim one and his claim of ineffective assistance of trial counsel.

Beyond the four-part *Maupin* analysis, this Court is required to consider whether this is "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. at 491; *see also Sawyer v. Whitley*, 505 U.S. 333. After review of the record, the Court does not deem this to be such a case.

For all the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

If any party objects to this *Report and Recommendation,* that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those

---

¹ This Court therefore conducts a *de novo* review of this claim. *See Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003).

specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

s/Mark R. Abel<br>
United States Magistrate Judge